William Locke Rohrer, Appellee, v. Bertha Manning Hoberg et al., on appeal of Bertha Manning Hoberg, Appellant.

### Gen. No. 19,485. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MICHAEL L. MCKINLEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

ᵗSee Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Bill in equity filed by William Locke Rohrer against Bertha Manning Hoberg, Gustav Holdor Hoberg and Jessie Cornelia Rohrer. It sets up a contract with one Bertha M. Hoberg dated April 29, 1911, for exchange of certain real estate in Chicago, on which was a residence, then owned by him, for certain real estate and certain buildings on leased ground in Santa Barbara, California, owned by Mrs. Hoberg; also that Mrs. Hoberg had defaulted on the contract and refused to carry it out, but had taken possession of and was residing on the Chicago property, and that the complainant had, after said default and refusal, conveyed an undivided half interest in the Chicago property to his wife, Jessie Cornelia Rohrer, whom he made, with Bertha M. Hoberg and her husband, Gustav Hildor Hoberg, defendants to the bill. He prayed for a partition of the property between himself and J. C. Rohrer or a sale of it and division of the proceeds, and also for a money decree against Mrs. Hoberg and her husband for the value of the use and occupation of said Chicago property, and that a receiver might be appointed to compel the payment of such rent for use and occupation or evict Mrs. Hoberg and her husband from said premises.

To this bill Bertha Manning Hoberg and Gustav Hildor Hoberg filed their joint sworn answer on September 18, 1912.

November 30, 1912, the complainant filed an amended bill, which repeated the allegations, (except as to certain tenders of a deed made,) and prayers of the original bill, with the addition of a prayer for a declaration in the decree that the Hobergs have no interest in the Chicago property, and for the removal of the contract as a cloud.

To this amended bill the defendants, Bertha Manning Hoberg and Gustav Hildor Hoberg were on said November 30, 1912, ordered to plead, answer or demur by December 5, 1912.

The solicitor of record for the Hobergs consented to this order and indorsed his approval of it on the draft before it was entered.

December 20, 1912, a receiver *pendente lite* of the Chicago property was moved for, and the Hobergs were present in court and presented affidavits in opposition thereto. The court found (without prejudice to a contrary finding on the hearing) that the failure of the parties to consummate the contract of April 29, 1911, resulted wholly from the default of Bertha Manning Hoberg or her agents; that Bertha Manning Hoberg entered into possession of the Chicago property on or about June 1, 1911, and had ever since been in possession thereof and had never paid any rent therefor and was insolvent. The Chicago Title & Trust Company was appointed receiver and Bertha M. Hoberg ordered to surrender possession or make a lease with the receiver.

January 21, 1913, notice was served on solicitors for the Hobergs that on January 22, 1913, an order defaulting the Hobergs for failure to answer the amended bill would be asked for. January 22, 1913, an order was made by the court entering the default of the Hobergs and taking the amended bill as confessed against them.

January 29, 1913, a motion was made to vacate said order, supported by several affidavits, some of which referred only to the service of the notice on January 21, 1913, and others referred to the merits of the case as set forth in the bill, answer and amended bill. They were all made during November or December, 1912. Also in support of said motion the counsel for the defendants (Hobergs) read as an affidavit the sworn answer they had made to the original bill and an answer which they had prepared to the amended bill and desired leave to file. The court denied said motion on said January 29, 1913, and afterwards on February 13, 1913, denied a motion to vacate said order of January 29, 1913.

On February 18, 1913, a decree was entered granting the relief prayed by the amended bill. To reverse the decree, Bertha M. Hoberg appeals.

The assignments of error made by the appellant call in question the findings and orders of the decree of February 18, 1913, and the entry of the order of default and of taking the amended bill *pro confesso* and the refusal to vacate the same.

C. HELMER JOHNSON and W. D. JOHNSON, for appellant; DOUGLAS C. GREGG, of counsel.

GARNETT & GARNETT, for appellees; EUGENE H. GARNETT, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. EQUITY, § 465*—*when evidence insufficient to excuse failure to plead to amended bill.* Evidence *held* insufficient to excuse defendants for delay in filing an answer to an amended bill where, after agreeing to a period of five days to file the answer, they had not done so in fifty-three days.

2. EQUITY, § 457*—*when rule prohibiting default where answer to original bill is on file inapplicable.* The rule that a default should not be taken to an amended bill when an answer to the original bill is on file has no application to a case where an amended bill is filed and a consent order is entered ruling defendant to plead thereto within a certain time.

3. EQUITY, § 199*—*when answer to original bill abandoned.* Answer to original bill is regarded as abandoned where the defendants consent to an order ruling on them to plead to an amended bill.

4. EQUITY, § 465*—*when showing as to meritorious defense not sufficient to vacate default.* On motion to vacate a default decree entered on an amended bill for failure of defendants to plead thereto in the time allowed, the affidavits and proposed answer *held* insufficient to show a meritorious defense.

5. EXCHANGE OF PROPERTY, § 10*—*when contract may be treated as terminated.* Where one of the parties to a contract for the exchange of real estate has furnished his abstract showing a good title and the other fails to do so by the time fixed by the contract,

or within a reasonable time, if such is the agreement, the party not in default may treat the contract as terminated and maintain a bill to remove it as a cloud.

6. EXCHANGE OF PROPERTY*—*what not a compliance with agreement to furnish abstract of title.* Where a contract for the exchange of real estate provides that in a reasonable time each party is to furnish the other with an abstract of title showing a good and sufficient title in the respective parties at the date of the contract, and the property of one of the parties is to be conveyed subject to an incumbrance aggregating a certain sum, the contract requires the abstract furnished by such party to show the title in that condition, or where such party could control it, and such party cannot say that contract has been complied with because of the fact that the abstracts to the property were shown to the other party and delivered to a certain abstract company in another State, where the land lies, and that continuations thereof were by said company written up and the abstracts and continuances were there ready for delivery, lacking only the certificates and signatures of the company, when the other party was ready to produce a proper deed and close the deal.